IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. WEBB | § | |
| | § | No. 186, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1902015015 |
| Appellee. | § | 1904001943 |
| | § | 1906000296 |

Submitted: June 27, 2022
Decided: July 8, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On May 31, 2022, the appellant, William Webb, filed a notice of appeal from a May 13, 2022 jury verdict finding him guilty of one count of stalking, one count of criminal contempt, and more than forty counts of breach of conditions of release. The Superior Court ordered a presentence investigation, and sentencing has not yet been scheduled.

(2) The Senior Court Clerk issued a notice directing Webb to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction

under Article IV, §11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal matter. In his response to the notice to show cause, Webb argues that this Court may entertain this interlocutory appeal because the Superior Court lacked jurisdiction to hear and decide his case. He is mistaken.

(3) Under the Delaware Constitution, the Court may review only a final judgment in a criminal case.[1] Because Webb has not yet been sentenced for his criminal convictions, this appeal is interlocutory, and the Court has no jurisdiction to entertain it.[2] After the Superior Court sentences Webb, he may file an appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

<u>James T. Vaughn, Jr.</u>
Justice

---

[1] Del. Const. art. IV, §11(1)(b).
[2] *Cirwithian v. State*, 2019 WL 7041892, at *1 (Del. Dec. 20, 2019).